## In re HOOVER'S ESTATE.

*(Supreme Court, General Term, Fifth Department.   October 19, 1889.)*

WILLS—CONSTRUCTION—RESIDUARY LEGATEE.

Testatrix in her will provided as follows: "After all my lawful debts are paid and discharged, I give and bequeath to Mary F. Emerson * * * my house and lot in the village of Dundee, if I am possessed of one at my death, or, if I am not possessed of one, I order my executor * * * to pay to the said Mary F. Emerson, $2,000, on condition," etc. After sundry money bequests, the will continued: "I order that, in case my estate exceeds the amount of the above bequests to each individual, then my executor must pay to the above persons the excess in the pro portion as the amounts of the bequests are to the whole amount," etc. *Held,* that Mary F. Emerson was a residuary legatee, and entitled to share with the other beneficiaries in any moneys remaining undistributed after the payment of the particular legacies.

Appeal from surrogate's court, Yates county.

Upon the judicial settlement of the accounts of Calvin J. White, executor of Sarah Hoover, a decree was entered adjudging that Mary F. Emerson, one of the beneficiaries under the will, was not a residuary legatee, and hence not entitled to share in the sum remaining in the hands of the executor undistributed. From this decree she appeals.

Argued before BARKER, P. J., and DWIGHT and MACOMBER, JJ.

*William H. Smith,* for appellant.   *Charles S. Baker,* for respondent.

MACOMBER, J. The first provision of Mrs. Hoover's will is as follows: "*First.* After all my lawful debts are paid and discharged, I give and bequeath to Mary F. Emerson, wife of B. K. Emerson, or her heirs, my house and lot in the village of Dundee, if I am possessed of one at my death, or, if I am not possessed of one, I order my executor, hereinafter named, to pay to the said Mary F. Emerson $2,000, on condition that the said Mary F. Emerson pay a yearly or annual payment to my brother John Emerson of sixty dollars as long as he survives me; and the said Mary Emerson must, at the time of the payment of the $2,000 to her, or the conveyance of my house and lot to her, execute a bond of security to satisfy my executor that the sixty dollars will be paid annually to my brother John Emerson." After making sundry small money bequests, and the appointment of the executor, the will continues: "I order that, in case my estate exceeds the amounts of the above bequests to each individual, then my executor must pay to the above persons the excess in the proportion as the amounts of the bequests are to the whole amount; and, in case my estate falls short, then each of the above bequests must share in the shortage in the same proportion. In other words, the excess or shortage must be shared *pro rata* as the bequests are."

If, under these provisions of the will, the appellant is to be deemed a residuary legatee, she is entitled to a proportionate share of the moneys now remaining in the hands of the executor; but if, on the other hand, the gift to her of a house and lot was a specific devise only, she is not entitled to receive anything more from the estate.   The inquiry is, of course, from the beginning to the end of the case, what was the true intent of the testatrix in respect to these matters as disclosed by the will itself?   It will be observed that the testatrix does not use words of gift aptly, or in their technical sense.   She says: "I give and bequeath to Mary F. Emerson, etc., my house and lot in the village of Dundee."   Yet this failure to use technical language, and using the word "bequeath" where she meant "devise" would be of very little importance if subsequent or other portions of the will made clear a contrary intent. But they do not.   The gift of the house and lot to the appellant was not absolute.   It was conditional upon the ownership and possession of the same by the testatrix at the time of her death, and this, too, not of any particular house and lot, but the house and lot, if any, of which she might be possessed at the time of her death.   But the most important provision, and which seems to

be quite conclusive of the intention of the testatrix, is that, in case she should not be possessed of such house and lot, the executor was required to pay to the appellant the sum of $2,000, on the condition above mentioned. The brother having died intermediate the execution of the will and the questions here arising, the appellant of course was not required to execute the bond. Taking all these provisions together, there seems to be disclosed an intent on the part of the testatrix to give to the several beneficiaries the sums named; that is to say, in the proportion of the $2,000 to the appellant to the several sums mentioned for the other legatees.

This construction finds strong corroboration in the subsequent paragraph of the will above quoted, where all of the persons receiving gifts from the deceased are mentioned as a class as "the above persons" who were to receive the excess in proportion as the amounts of the bequests severally were to the whole estate. There is nothing to show that the expression "the above persons" was designed to exclude any one who had received by previous provisions of the will any benefit thereunder. The circumstance that, in case the estate had fallen short of giving each one the sum mentioned in the will, there would have been difficulty in adjusting the claim of the appellant, can have very little weight where these words of unmistakable import are used. Had the testatrix left no real estate, no embarrassment would have ensued in the event of the estate falling short of paying these several sums. Had it become necessary to charge over any deficiency against this appellant, in the event of there being insufficient moneys to pay each of the legatees, an easy way could have been found in this court, even if not in the surrogate's court. Taking all the provisions of the will together, it seems to us to be the plain intent of the testatrix that the appellant should share with the other beneficiaries in any moneys remaining undistributed after the payment of the particular legacies. It follows, therefore, that the decree of the surrogate should be reversed, with costs of all parties to be paid out of the estate, and the case remitted to the surrogate of Yates county, with direction to proceed thereon in accordance with this opinion. All concur.